# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――

### No. ACM 39113

―――――――――――

### UNITED STATES
*Appellee*

**v.**

### Ashton R. ROSALES
Airman First Class (E-3), U.S. Air Force, *Appellant*

―――――――――――

Appeal from the United States Air Force Trial Judiciary

Decided 30 January 2018

―――――――――――

*Military Judge*: Patricia A. Gruen.

*Approved sentence*: Dishonorable discharge, confinement for 4 years and 6 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 9 May 2016 by GCM convened at Robins Air Force Base, Georgia.

*For Appellant*: Major Mark C. Bruegger, USAF.

*For Appellee:* Major Tyler B. Musselman, USAF; Major Mary Ellen Payne, USAF; Gerald R. Bruce, Esquire; James E. Beckwith, Legal Extern.[1]

Before JOHNSON, MINK, and DENNIS, *Appellate Military Judges*.

Judge MINK delivered the opinion of the court, in which Senior Judge JOHNSON and Judge DENNIS joined.

―――――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

―――――――――――

―――――――――――

[1] In accordance with Rule 6.1 of the court's Rules of Practice and Procedure, Mr. Beckwith was at all times supervised by counsel for the Government during his participation in this case.

MINK, Judge:

A military judge sitting as a general court-martial found Appellant guilty, consistent with his pleas, of violating a lawful general regulation by possessing pornography in a deployed location and wrongfully possessing child pornography in violation of Articles 92 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 934. The adjudged and approved sentence consisted of a dishonorable discharge, four years and six months of confinement, forfeiture of all pay and allowances, and reduction to E-1.

On appeal, Appellant raises two assignments of error: (1) whether his sentence is unduly severe and (2) whether an eight-day violation of the 30-day post-trial standard for forwarding the record of trial for appellate review warrants relief pursuant to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002).[2] Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

While Appellant was deployed to Al Udeid Air Base, Qatar in January 2015, he possessed seven images of child pornography on his cellular phone. Prior to his deployment, Appellant received some of the images from another individual and obtained other images by actively searching the Internet for child pornography. Appellant saved the images on his phone and then took the phone with him to the deployed location.

Appellant's trial convened and was completed on 9 May 2016. The staff judge advocate's recommendation (SJAR) was signed on 3 June 2016 and served on Appellant on 8 June 2016. On 24 June 2016, trial defense counsel submitted Appellant's clemency matters. The addendum to the SJAR was signed on 1 July 2016, as was the convening authority's action. Appellant's record of trial was docketed with this court on 8 August 2016, 38 days after the convening authority's action.

## II. DISCUSSION

### A. Sentence Appropriateness

Appellant asserts that the portion of his sentence of confinement for four years and six months was unduly severe, relying exclusively on the fact that the Government counsel requested the military judge sentence Appellant to

---

[2] Both Appellant and the Government assert there was a nine-day violation of the 30-day post-trial standard for forwarding the record of trial for appellate review. In fact, the 30-day post-trial standard was exceeded by only eight days.

only three years of confinement in addition to the other requested components of Appellant's sentence. Appellant asks this court to reduce his confinement sentence to three years. We decline to do so.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (citing *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009)). Though we have great discretion to determine whether a sentence is appropriate, we have no power to "grant mercy." *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The sentence recommendation made by Government counsel during the sentencing argument is just that—a recommendation. *See* Rule for Courts-Martial (R.C.M.) 1001(g). Such a recommendation is neither binding on the sentencing authority nor on this court when reviewing the appropriateness of Appellant's sentence.

Appellant was convicted of possessing multiple images of child pornography that depicted pre-teen or early teenage girls engaging in sexually explicit conduct. Although Appellant first received child pornography from another individual, he then conducted active searches for it. He learned and used sophisticated search terms he knew would yield actual child pornography, including depictions of children being sexually assaulted. Appellant saved the images on his phone using an application that would avoid detection. He then took the phone to a deployed location where pornography of any kind was prohibited by a lawful General Order. Appellant acknowledged he was aware of the prohibition prior to his deployment.

Appellant was subject to a maximum sentence of 12 years of confinement, reduction to E-1, forfeiture of all pay and allowances, and a dishonorable discharge. His approved sentence of a dishonorable discharge, four years and six months of confinement, forfeiture of all pay and allowances, and reduction to E-1 was significantly less than the maximum that could have been imposed.

We have given individualized consideration to Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. The sentence was appropriate based on Appellant's serious misconduct and the facts and circumstances of this particular case and was not inappropriately severe.

**B. Post-Trial Delay**

The 38 days that elapsed between the convening authority's action and the docketing of Appellant's record of trial with this court exceeded the standard established in *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006) by eight days. Nevertheless, we do not find that sentence relief is warranted.

"[C]onvicted servicemembers have a due process right to timely review and appeal of courts-martial convictions." *Id*. at 135. Accordingly, we review de novo whether Appellant has been denied his due process right to a speedy post-trial review and appeal. *Id*. In *Moreno*, the United States Court of Appeals for the Armed Forces established a presumption of unreasonable post-trial delay that requires a due process review when docketing with the service court does not occur within 30 days of the convening authority's action. *Id*. at 142.

If there is a *Moreno*-based presumption of unreasonable delay or an otherwise facially-unreasonable delay, we examine the claim under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135. *Moreno* identified three types of prejudice arising from post-trial processing delay: (1) oppressive incarceration; (2) anxiety and concern; and (3) impairment of ability to present a defense at a rehearing. *Id*. at 138–39. "We analyze each factor and make a determination as to whether that factor favors the Government or [Appellant]." *Id*. at 136. Then, we balance our analysis of the factors to determine whether a due process violation occurred. *Id*.; *see also Barker*, 407 U.S. at 533 ("[C]ourts must still engage in a difficult and sensitive balancing process."). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Moreno*, 63 M.J. at 136. However, where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

Under *Moreno*, the period of 38 days between action by the convening authority and docketing with this court is presumptively unreasonable, exceeding the standard by eight days and triggering a full due process review. *Moreno*, 63 M.J. at 142. The delay in this case resulted from confusion over how to transmit the portion of the record that contained contraband materials and the efforts to ensure that those materials were

properly included in the record of trial. Appellant does not claim he suffered any prejudice from the delay and we find none. Despite the relatively small size of Appellant's record of trial, we are not persuaded that the eight-day delay and the reasons therefor are sufficiently egregious to bring discredit upon the fairness or integrity of the military justice system. Accordingly, we find no due process violation.

Although we find no due process violation in Appellant's case, we nonetheless consider whether Article 66(c), UCMJ, relief pursuant to *United States v. Tardif,* 57 M.J. at 220, is appropriate. We are guided by factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), with no single factor being dispositive.[3] Having considered these factors and the particular circumstances of Appellant's case, including the reasons for delay in docketing the case with this court, we do not find the exercise of our Article 66(c) authority to modify the otherwise appropriate sentence warranted.

## III. CONCLUSION

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court

---

[3] These factors include: (1) how long the delay exceeded the standards set forth in *Moreno*; (2) what reasons, if any, the Government set forth for the delay, and whether there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) whether there is nonetheless evidence of harm (either to the appellant or institutionally) caused by the delay; (4) whether the delay has lessened the disciplinary effect of any particular aspect of the sentence, and whether relief is consistent with the dual goals of justice and good order and discipline; (5) whether there is any evidence of institutional neglect concerning timely post-trial processing, either across the service or at a particular installation; and (6) whether, given the passage of time, this court can provide meaningful relief in this particular situation. *Gay*, 74 M.J. at 744.